IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GWINDELYNE DENISE DOUGLAS,<br><br>     **Plaintiff,**<br><br> v.<br><br>FOUNDATION FUNDING GROUP, INC., and WASHINGTON MUTUAL BANK, F.A.,<br><br>     **Defendants.** | 1:03-cv-2538-WSD-ECS |

## ORDER

This is an action brought under the Truth-in-Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), by Plaintiff Gwindelyne Douglas ("Plaintiff") against Defendants Foundation Funding Group, Inc. ("Foundation Funding") and Washington Mutual Bank, F.A. ("Washington Mutual"). It is before the Court on the Magistrate Judge's Report and Recommendation [48] on Washington Mutual's Motion for Summary Judgment [50]. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a careful, *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which Washington Mutual has objected. The Court has reviewed the remainder

of the Magistrate Judge's Report and Recommendation for plain error. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

## I. BACKGROUND

### A. Factual Background

The Magistrate Judge's Report and Recommendation includes a detailed discussion of the relevant facts, both in its Factual Background section and throughout the opinion. Neither party objected to the Magistrate Judge's findings of fact and, finding no plain error, the Court adopts them as set forth in the Report and Recommendation.

### B. Procedural History

Plaintiff filed her Complaint [1] on August 25, 2003, and her Amended Complaint [15] on January 13, 2004. She seeks rescission as well as actual and statutory damages based on several alleged violations of TILA and its implementing federal regulation, Regulation Z, 12 C.F.R. § 226 ("Regulation Z"). Plaintiff also seeks equitable relief, pursuant to TILA and Regulation Z, to prevent Washington Mutual from foreclosing on her house. On January 5, 2004, Plaintiff voluntarily dismissed all claims against Foundation Funding. Only her claims against

Washington Mutual remain.

The parties completed discovery and, on April 22, 2004, Washington Mutual filed its Motion for Summary Judgment and Brief in Support ("Mot. for Summ. J.") [30]. Plaintiff filed her brief in opposition to Washington Mutual's motion on May 17, 2004 ("Resp. to Mot. for Summ. J.") [38]. Washington Mutual replied on June 4, 2004 ("Reply in Support of Mot. for Summ. J.") [40], and Plaintiff's Sur-Reply was filed on July 27, 2004 [45].

On January 6, 2005, the Magistrate Judge issued his Report and Recommendation [48], recommending the Court deny Washington Mutual's Motion for Summary Judgment. Washington Mutual filed its objections to the Report and Recommendation on January 25, 2005 ("Def.'s Objections to R&R") [49]. Plaintiff filed her response to Washington Mutual's objections on February 11, 2005 ("Resp. to Def.'s Objections to R&R") [50].[1]

---

[1] Plaintiff did not file objections to the Report and Recommendation within ten (10) days of receiving it as required by 28 U.S.C. § 636(b)(1) and the Court's order accompanying the Report and Recommendation. In her response to Washington Mutual's objections, Plaintiff in a footnote purports to challenge the Magistrate Judge's determination that she did not rescind the loan transaction within three (3) business days of the closing. (Resp. to Def.'s Objections to R&R at 14 n.7.) This objection is untimely and will not be considered by the Court.

## II. DISCUSSION

### A. The Magistrate Judge's Report and Recommendation

Washington Mutual moved for summary judgment on the grounds that the disclosures made in connection with Plaintiff's loan complied with TILA and Regulation Z. The Magistrate Judge's decision is thorough and, except as necessary in addressing Washington Mutual's objections, will not be repeated here.

### B. Washington Mutual's Objections

#### 1. Truth-in-Lending Disclosure

Plaintiff claims the Truth-in-Lending Disclosure form provided in connection with her loan failed to comply with TILA. Washington Mutual moved for summary judgment on this claim, arguing "[t]he Truth-in-Lending Disclosure included in Plaintiff's Loan File correctly disclosed to the Plaintiff the annual percentage rate, the finance charge, the amount financed, and the payment schedule." (Mot. for Summ. J. at 9.) Plaintiff in her response produced evidence that the range of monthly payments and the total of payments provided in the Truth-in-Lending

Disclosure were inaccurate.[2]  Washington Mutual did not address these inaccuracies in its reply brief.

Based on Plaintiff's evidence, the Magistrate Judge concluded summary judgment on this claim was inappropriate, stating that "[d]espite the relative insignificance of the overstatement, . . . a material violation of the TILA disclosure requirements may arise . . . from the inaccurate disclosure of the final payment in the monthly payment schedule and the total of payments such as is alleged in this case."  (R&R at 14-15.)  The Magistrate Judge, *sua sponte*, also addressed whether the safe harbor provision of § 1605(f) would apply in this case.  He concluded it did not because the inaccuracies as to the payment schedule and the total of payments did not result from an inaccuracy in the finance charge.  (Id. at 14.)  In essence, the Magistrate Judge found the safe harbor provision applies only where the inaccuracies in disclosures affected by the finance charge are *caused* by an inaccuracy in the finance charge.

Washington Mutual objects to the Magistrate Judge's conclusion, arguing for the first time that the overstatements of the monthly payment and total of payments

---

[2] The evidence shows the final monthly payment in the payment schedule was overstated by $6.97, and the total of payments was overstated by $7.57.

fall within the safe harbor provision of § 1605(f) and therefore do not render the Truth-in-Lending Disclosure deficient under TILA. Washington Mutual argues that, contrary to the Magistrate Judge's determination, the plain language of the safe harbor provision extends protection to all disclosures affected by the finance charge, even if the inaccuracy in these disclosures was not caused by an inaccuracy in the finance charge. (Def.'s Objections to R&R at 2-3.)

Rule 72 of the Federal Rules of Civil Procedure affords a district court wide discretion to consider arguments and evidence not submitted to the magistrate judge. Fed. R. Civ. P. 72(b) ("The district judge may accept, reject, or modify the recommended decision [of the magistrate judge], receive further evidence, or recommit the matter to the magistrate judge with instructions."); see also Paterson-Leitch v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) (holding that district judge did not abuse discretion in declining to hear argument that could have been but was not presented to the magistrate: "an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate"); Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and

we have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's de novo review.").

Washington Mutual's argument concerning the safe harbor provision of § 1605(f) was available to it at the time of its initial motion and on reply.[3] Washington Mutual offers no explanation for its failure to include this argument in its summary judgment briefing. Under these circumstances, the Court should decline to consider Washington Mutual's safe harbor argument because to do so would invite future litigants to test out summary judgment arguments in their briefs submitted to the magistrate judge and then, with the benefit of the magistrate judge's opinion, offer a new set of arguments for the district judge.[4] But, the safe

---

[3] In fact, Plaintiff in her response to Washington Mutual's motion anticipated such an argument: "Washington Mutual may argue that the above inaccuracy is within some kind of tolerance. However, although TILA contains tolerances for the 'annual percentage rate' and 'finance charge' disclosures, there is no such tolerance for the payment schedule disclosure." (Resp. to Mot. for Summ. J. at 9.)

[4] See Freeman v. County of Bexar, 142 F.3d 848, 852 (5th Cir. 1998) ("Litigants may not, however, use the magistrate judge as a mere sounding-board for the sufficiency of the evidence."); Wallace v. Tilley, 41 F.3d 296, 302 (7th Cir. 1994) ("It is not in the interests of justice to allow a party to wait until the Report and Recommendation or Order has been issued and then submit evidence that the party had in its possession but chose not to submit. Doing so would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received.") (internal quotation marks and citations omitted); Paterson-Leitch, 840 F.2d at 990-92 ("the

harbor argument is an interesting one insightfully recognized by the Magistrate Judge and it should be addressed to add judicial clarity to this issue.

Washington Mutual contends that because the finance charge disclosed here was accurate, the range of monthly payments and total of payments also are deemed accurate, since they are "disclosures affected by the finance charge" under § 1605(f). This argument is not supported by the language of § 1605(f) or the corresponding provision of Regulation Z.

Section 1605(f) provides:

> Tolerances for accuracy. In connection with credit transactions not under an open end credit plan that are secured by real property or a dwelling, the disclosure of the finance charge and other disclosures affected by the finance charge --
>
> > (1) shall be treated as being accurate for purposes of this title if the amount disclosed as the finance charge --
> >
> > > (A) does not vary from the actual finance charge by more than $100; or
> > >
> > > (B) is greater than the amount required to be disclosed under this title[.]

---

magistrate's role [would be] reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.").

15 U.S.C. § 1605(f).  The corresponding provision of Regulation Z provides "the disclosed finance charge *and other disclosures affected by the disclosed finance charge* . . . shall be treated as accurate if the amount disclosed as the finance charge:  (i) is understated by no more than $100; or (ii) is greater than the amount required to be disclosed."  12 C.F.R. § 226.18(d)(1) (emphasis added).[5]  Further, in its Official Staff Commentary on Regulation Z, the Federal Reserve Board states that the safe harbor provision of § 1605(f) applies only when "a finance-charge error *results in* a misstatement of the amount financed, or some other dollar amount for which the regulation provides no specific tolerance."  Official Staff Commentary on Regulation Z, 12 C.F.R. § 226.18(d)(2), reprinted in 12 C.F.R. § 226, Supp. I (emphasis added).  Thus, as the statutory language and implementing regulations make clear, § 1605(f) provides a tolerance for an error in the finance-charge disclosure, as well as other disclosures affected by an error in the finance-charge disclosure, provided the finance-charge disclosure error understates the finance charge by $100 or less, or overstates the finance charge.

---

[5] It is undisputed the loan transaction at issue in this case occurred in August 2000 and that the 2000 version of Regulation Z applies.  Where the parties do not allege the content of the current version of Regulation Z differs from the 2000 version, however, the Court cites to the current version.

In this case, Washington Mutual does not argue the errors in the monthly payment or total of payments were caused by an error in the disclosed finance charge. It is undisputed the finance charge disclosed here was accurate. (R&R at 14.) Washington Mutual's argument that § 1605(f) applies here is based solely on the fact that the monthly payment and total of payments are "disclosures affected by the finance charge." This argument is without merit. First, there is no indication in § 1605(f) or Regulation Z that the safe harbor provision applies in the absence of either an overstatement or understatement of the finance charge. Put another way, where there is no error in the finance charge, there is no safe harbor for errors in other disclosures affected by the finance charge. Second, as discussed above, § 1605(f) extends a safe harbor for disclosure errors caused by an error in the finance-charge disclosure, provided the finance-charge disclosure error understates the finance charge by $100 or less, or overstates the finance charge. This section does not provide a safe harbor for all errors in disclosing loan terms affected by the finance charge regardless of whether those errors were caused by the finance-charge disclosure error.

Washington Mutual's proposed interpretation of § 1605(f) is further undermined by the practical implications of adopting its interpretation. Taken to its

logical extreme, Washington Mutual's reading of the safe harbor provision would allow the disclosure of any loan term affected by the finance charge to be deemed accurate, regardless of the degree to which the disclosure of this term is overstated or understated, as long as the finance charge is accurate, understated by $100 or less, or overstated.  This would lead to anomalous and illogical immunity from liability in TILA cases where, for instance, a lender accurately discloses to the borrower the finance charge associated with a loan, but dramatically understates the APR, the amount of the monthly payment, the amount financed and other terms which the finance charge touches and which would under Washington Mutual's interpretation be "affected by the finance charge."  Such a result is not consistent with the purposes of TILA, which is designed to ensure "a meaningful disclosure of credit terms to enable consumers to compare readily the various credit terms available in the marketplace" and is to be liberally construed in favor of the consumer.  Rodash v. AIB Mortgage Co., 16 F.3d 1142, 1144 (11th Cir. 1994).

For the foregoing reasons, Washington Mutual's objection based on the safe harbor provision of § 1605(f) is OVERRULED.

### 2. Right-to-Rescind Notice

"As part of TILA, Congress provided the consumer with the right to rescind

a credit transaction by notifying the creditor within set time limits of the consumer's intent to rescind." Rodash, 16 F.3d at 1145. The Act requires the creditor to "clearly and conspicuously" disclose to the borrower her rights regarding rescission, including the date on which the right to rescind expires. See 15 U.S.C. § 1635(a). The Magistrate Judge found genuine issues of material fact exist regarding whether Washington Mutual's notice to Plaintiff complied with TILA's "clear and conspicuous" requirement, citing evidence the notice (1) provided an incorrect date for the expiration of the right to rescind; and (2) was rendered confusing by the contemporaneous presentation of an election not to rescind form. (R&R at 22.) The Magistrate Judge in his ruling relied primarily on Plaintiff's testimony and other evidence that the closing took place on August 31, 2000, not on August 26, 2000, the date listed on each of the loan documents.

Washington Mutual argues the Magistrate Judge erred in considering Plaintiff's testimony and other evidence regarding the actual date of the closing. It claims the loan documents conclusively establish the loan closing took place on August 26, 2000, and that the election not to rescind was executed on August 31, 2000. It contends Plaintiff's evidence that the closing took place on August 31, 2000, constituted inadmissible parol evidence which may not be used to vary the

-12-

express terms of the loan documents. The Magistrate Judge rejected this argument, holding the date of the closing does not constitute a "term" of a contract for purposes of the parol evidence rule, and that application of the parol evidence rule in these circumstances would derogate the purposes of TILA.[6]

Having carefully reviewed the submissions of the parties on this issue, the Court agrees with the Magistrate Judge's conclusions set out in the Report and Recommendation that the parol evidence rule does not bar consideration of Plaintiff's evidence that the closing took place on August 31, 2000. Because genuine issues of material fact exist regarding whether the notice of right to rescind clearly and conspicuously disclosed Plaintiff's rescission rights, Washington Mutual's objection is OVERRULED.

### 3. Section 32 Mortgage Loan Disclosures

It is undisputed the loan transaction in this case falls under the special

---

[6] The Magistrate Judge noted the exclusion of evidence concerning the date of the loan closing would be inconsistent with other provisions of TILA, such as § 1635(c), which contemplate the admission of witness testimony to rebut a presumption of delivery created by a signed, written acknowledgment. See § 1635(c) ("Notwithstanding any rule of evidence, written acknowledgment of receipt of [a right-to-rescind notice] by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof.").

provisions of the Home Ownership and Equity Protection Act ("HOEPA"), enacted in 1994 as an amendment to TILA.  HOEPA applies to high-cost mortgage loans and requires that a consumer be given certain information concerning the loan at least three (3) business days before the consummation of the loan transaction (the "Section 32 Disclosure," attached to Mot. for Summ. J. as "WM0020").  See 15 U.S.C. § 1639; 12 C.F.R. §§ 226.31-.32.

Washington Mutual argued in its motion for summary judgment that its Section 32 Disclosure complied with HOEPA and Regulation Z's requirements. The Magistrate Judge disagreed, finding three violations: (1) the APR and monthly payment amount were not disclosed in a conspicuous type size as required by Regulation Z; (2) the monthly payment amount was inaccurate; and (3) the Section 32 Disclosure was not provided three (3) or more business days in advance of the closing as required by HOEPA.  Washington Mutual objects to the Magistrate Judge's first and second findings.[7]

---

[7] Washington Mutual does not object to the Magistrate Judge's conclusion that a genuine issue of material fact exists regarding whether Plaintiff received the Section 32 Disclosure three (3) or more business days prior to the consummation of the loan transaction, as required by HOEPA.  (R&R at 26-27.)  Even construing Washington Mutual's objection concerning the admission of parol evidence to include an objection to this finding, such objection is OVERRULED.  See

First, Washington Mutual argues the Magistrate Judge erred in finding the APR and monthly payment amount were required to be in a conspicuous type size because the version of Regulation Z in effect at the time of Plaintiff's loan closing required only that the disclosure of the APR and monthly payment be "clear and conspicuous." (Def.'s Objections to R&R at 3-5.)  Plaintiff does not dispute that the Magistrate Judge applied the incorrect version of Regulation Z, but argues the Section 32 Disclosure here failed to satisfy the applicable regulation's "clear and conspicuous" requirement.[8]  (Resp. to Def.'s Objections to R&R at 5-6.)  She relies on the fact that the APR and monthly payment amount are displayed in text no larger than other information provided in the disclosure.  (Id. at 6.)

The APR and monthly payment amount, though not in a conspicuous type size, were set apart from other information provided in the Section 32 Disclosure and displayed in numbered order just below the disclaimer required by

---

Section II(B)(2), *supra*.

[8] Plaintiff's response also includes a vague argument that the current version of Regulation Z's "conspicuous type size" requirement applies retroactively because it simply clarifies the "clear and conspicuous" requirement. (Resp. to Def.'s Objections to R&R at 5-6.)  This argument, which is not persuasive or supported by any relevant legal authority, was not made before the Magistrate Judge and the Court in its discretion declines to consider it now.

Regulation Z. Further, Washington Mutual asserts, and Plaintiff does not refute, that the Section 32 Disclosure mirrored the form disclosure provided in the applicable regulation. See 12 C.F.R. § 226, App. H, Form H-16 (2000). Accordingly, the Court finds the Section 32 Disclosure complied with the applicable version of Regulation Z's requirement that the APR and monthly payment amount be "clearly and conspicuously" displayed and Washington Mutual's objection is SUSTAINED.

Second, Washington Mutual argues the Magistrate Judge erred in finding the monthly payment amount materially understated because it does not include mortgage insurance premium. HOEPA and Regulation Z require the Section 32 Disclosure to include either the regular monthly payment amount or an abbreviated range of monthly payments. 12 C.F.R. § 226.32(c)(3). In its Official Staff Commentary on this section, the Federal Reserve Board advises creditors to rely on the rules set forth in § 226.18(g) of Regulation Z in providing this disclosure. Official Staff Commentary on Regulation Z, 12 C.F.R. § 226.32(c), reprinted in 12 C.F.R. § 226, Supp. I. As Washington Mutual concedes, § 226.18(g) requires the repayment schedule to reflect all components of the finance charge, including mortgage insurance premiums. Thus, the monthly payment amount provided in the

Section 32 Disclosure should include mortgage insurance premiums.  See <u>Jeanty v. Washington Mut. Bank F.A.</u>, 305 F. Supp. 2d 962, 964-965 (E.D. Wis. 2004) (holding section 32 disclosure which failed to include mortgage insurance premiums in its disclosure of plaintiff's regular monthly payment violated HOEPA).

Here, it is undisputed the Section 32 Disclosure provided to Plaintiff lists a payment amount of $1005.82, which is $58.37 less than actual payment, and that this discrepancy resulted from Washington Mutual's failure to include mortgage insurance premiums in this payment amount.  Washington Mutual argues the Section 32 Disclosure nonetheless complied with TILA because an accurate statement of the total monthly payment (including mortgage insurance premiums) was provided elsewhere in the loan documents -- specifically, the First Payment Notice.  (Def.'s Objections to R&R at 7.)   This argument was not made before the Magistrate Judge and the Court in its discretion declines to consider it now. Moreover, that an accurate disclosure of this amount may have been included in the loan documents presented at closing does not alter the fact that Washington Mutual failed to provide an accurate disclosure of this information three (3) or more business days in advance of the closing as required by HOEPA.  Accordingly, Washington Mutual's objection is OVERRULED.

## III. CONCLUSION

For the foregoing reasons, and except as expressly set out in Section II(B)(3), the Court ADOPTS the Magistrate Judge's Report and Recommendation. Washington Mutual's Motion for Summary Judgment is GRANTED in part and DENIED in part. Washington Mutual's motion is GRANTED with respect to Plaintiff's claim that the Section 32 Mortgage Loan Disclosure provided to Plaintiff failed to disclose the APR and monthly payments in a conspicuous type size. Its motion is DENIED with respect to all other claims and grounds. The parties are required to file their Consolidated Pretrial Order on or before March 28, 2005.

**SO ORDERED**, this 24th day of February, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE